IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TABATHA FLOWERS,

    Plaintiff,

    v.                                                  Case No. 2:17-cv-208
                                                           Judge Michael H. Watson
RIVERSIDE LANDING NURSING AND        Magistrate Judge Chelsey M. Vascura
REHABILITATION, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Leave to File Motion for Summary Judgment (ECF No. 28), in which Defendant seeks leave to file a motion for summary judgment after the expiration of the dispositive motions deadline; Plaintiff's Memorandum in Opposition (ECF No. 29); and Defendant's Reply (ECF No. 30). For the reasons that follow, Defendant's Motion is **DENIED**. (ECF No. 28.)

**I.**

Plaintiff originally filed this action on March 13, 2017. On July 19, 2017, this Court issued a Preliminary Pretrial Order ("PPO") (ECF No. 8), a scheduling order that established the case schedule deadlines the parties recommended in their Rule 26(f) Report (ECF No. 6). The PPO set the discovery deadline as December 15, 2017, and the deadline for filing dispositive motions as January 26, 2018. Thereafter, at the parties' request, the Court extended the discovery deadline twice, with the most recently extended deadline expiring on March 31, 2018, approximately three months after the initial agreed-upon deadline. (*See* ECF Nos. 15, 16, 20, and 21.) The parties did not request, and the Court did not otherwise grant, an extension of the

December 15, 2017 dispositive motions deadline.

Defendant did not timely file a dispositive motion. Rather, it filed the subject Motion seeking leave to file its summary judgment motion on July 26, 2018, more than seven months after the December 15, 2017 expiration of the dispositive motions deadline.

In its Motion for Leave, Defendant states that the delay in filing a motion for summary judgment is "largely due to the extended discovery period in this case." (Mot. for Leave at 1, ECF No. 28.) Although Defendant concedes the motion is not timely, it suggests that the Court should grant the instant Motion because doing so will "serve the ends of justice" and "preserve[] scarce judicial resources." (*Id.*) In addition, Defendant asserts that Plaintiff would not suffer prejudice should the Court grant its motion and that consideration of its motion for summary judgment would not affect the October 29, 2018 trial date.

Plaintiff opposes Defendant's Motion, pointing out that Defendant has not advanced any explanation for failing to timely file its motion. In addition, Plaintiff posits that she would, in fact, suffer prejudice should the Court grant Defendant's Motion because the trial schedule was set by the Court, (*See* ECF No. 26), and she has planned in accordance with that Order. Finally, Plaintiff points out that the parties filed a May 17, 2018 Joint Status Report (ECF No. 24) in which they indicated that no outstanding issues exist requiring Court involvement. (*See* ECF No. 24.)

**II.**

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and

seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

## III.

Defendant has failed to establish that good cause exists to modify the case schedule. Defendant has not offered *any* explanation for why, despite its diligence, it was unable to meet the dispositive motions deadline. *See Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008) (noting that the movant's "total failure to offer any real justification for the delay . . . fell . . . well below her obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order as required by Rule 16."). Moreover, nothing in the record suggests that despite its diligence, Defendant was unable to meet the deadline.

Defendant's proffered justifications are not well taken. To begin, none of its proffered justifications speak to its diligence in meeting case deadlines. Defendant's reliance on the "extended discovery period" is unavailing because the extensions granted did not prevent Defendant from either timely filing motion for summary judgment or requesting an extension of

3

the dispositive motions deadline. Defendant's contention that this case "will serve the ends of justice because there is a substantial likelihood that summary judgment will be granted" is equally unpersuasive because it improperly requires this Court to presume the success of his motion.

Although Defendant's inability to set forth good cause is dispositive, the Court further notes that granting the relief requested would result in prejudice to Plaintiff as it will likely impact the deadlines set forth in the Court's Order Setting Trial Date (ECF No. 26). This case is set for trial in less than three months, and motions in limine, stipulations, witness statements, exhibit lists, deposition designations, and jury instructions are due in approximately one month. At this late stage, it is unfair to require Plaintiff to have to respond to a motion for summary judgment and potentially revamp its trial strategy.

In sum, Defendant's failure to show diligence and the prejudice to Plaintiff leads the Court to determine that Defendant has failed to demonstrate good cause as required under Rule 16. Accordingly, Defendant's Motion is **DENIED**.

## IV.

For the reasons set forth above, Defendant's Motion for Leave to File Motion for Summary Judgment is **DENIED**. (ECF No. 28.)

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE